## HENRY WILLIAMS AND IKE SMITH v. THE STATE.

1. INDICTMENT FOR MURDER. It is not necessary to allege in the indictment the particular acts done by several parties in committing murder; but should it be attempted in the indictment to set out specially the particular acts done or part performed by them respectively, and the facts so alleged as to some of them be insufficient, the indictment as to them should be quashed.

2. See indictment held insufficient as to part of the defendants charged with murder.

3. ACCOMPLICE—EVIDENCE. In Article 653 of Code of Criminal Procedure the word *accomplice* is used in a much broader sense than in Article 219 of Penal Code; in the former it evidently includes principals and accessories, and the testimony of any such would require corroboration before a conviction could be had.

4. ACCOMPLICE—WITNESS. Several persons were jointly indicted for murder; the District Attorney dismissed as to one who testified in behalf of the State. *Held*, that the court should in such case instruct the jury that the testimony of the witness must be corroborated before finding the others guilty, although the witness in his testimony should deny participation in the crime.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

June 25, 1874, the grand jury of Fayette county presented an indictment charging that Dick King, Ike Smith, Offer Alexander, Henry Williams, and Anderson Satterfield "on the "10th day of December, 1873, with force and arms, in the "County of Fayette, State of Texas, did then and there willful-"ly, feloniously, and of their malice aforethought, together and "with each other, by the aid and assistance each of the other," * * * "in and upon the body of one Deitrich Mueller * * "* * make an assault. And that the said Dick King, a certain "pistol (which said pistol was then and there a deadly weapon, "which said pistol was then and there of the value of ten dollars,

" which said pistol he the said Dick King in his hand then and
" there had and held) at, to, towards and upon the body of him
" the said Deitrich Mueller, did then and there draw and pre-
" sent, and that he the said Dick King with the said pistol as
" aforesaid, did then and there strike, cut, beat, bruise, wound,
" and abuse him the said Deitrich Mueller, in and upon the
" head and in and upon the body of him the said Deitrich
" Mueller, giving to him the said Deitrich Mueller, one
" dangerous and mortal wound " * * * " and that he,
" the said Offer Alexander as aforesaid, a certain pistol in his
" hand then and there had and held (which said pistol was then
" and there a deadly weapon * * ) at, to, towards, and upon
" the body of the said Deitrich Mueller, did then and there
" draw and present, and that he, the said Offer Alexander, as
" aforesaid, with the said pistol did then and there him the said
" Deitrich Mueller, strike, cut, beat, penetrate, and wound in
" and upon the head and in and upon the body of him, the said
" Deitrich Mueller, giving to him, the said Deitrich Mueller,
" one dangerous and mortal wound * * * of which said
" mortal wounds inflicted by them, the said Dick King and
" Offer Alexander as aforesaid, he, the said Deitrich Mueller,
" then and there suffered, and suffering did die, and that the
" said Ike Smith, Henry Williams and Anderson Satterfield, as
" aforesaid, were then and there present when the said Dick
" King and Offer Alexander wounded the said Deitrich Muel-
" ler as aforesaid, and did then and there aid and abet the said
" Dick King and Offer Alexander, and did then and there act
" together and with the said Dick King and Offer Alexander,
" while they, the said Dick King and Offer Alexander, struck,
" bruised, beat, and wounded him the said Deitrich Mueller,
" as aforesaid, and that they, the said Ike Smith, Henry Wil-
" liams and Anderson Satterfield, as aforesaid, did then and
" there by threatening gestures and encouraging words aid, abet,
" assist, and comfort the said Dick King and Offer Alexander
" in the murder of him the said Deitrich Mueller," etc.

King was not arrested.    Alexander, Smith, and Williams

were convicted ;—Alexander and Smith of murder in the first degree, and Williams in the second degree, with punishment in penitentiary for fifteen years.

Smith and Williams moved for new trial and in arrest of judgment, which being overruled, they appealed.

Satterfield was examined as witness in behalf of the State, the prosecution having been dismissed as to him.

The other facts sufficiently appear in the opinion.

*J. R. Burns*, for appellants.

*Geo. Clark*, for State.

MOORE, J.   It has been repeatedly held that it is not necessary to allege in the indictment the facts relied upon to show the defendant to be a principal, although the offense with which he is charged may not have been actually committed by him.   But if he is a principal offender by reason of the part performed by him in the commission of the offense, he may be convicted under an indictment charging him directly with its actual commission.   If, however, the pleader, instead of proceeding under a general indictment, prefers to do so under a special bill charging each of the defendants with the particular acts done or part performed by them respectively, should the facts alleged as to some of them be insufficient to show their guilt, the indictment as to them must be held bad.

The indictment against the appellants, Williams, Smith, and Satterfield, is prosecuted upon the supposition that they were present when the mortal blows were given by King and Alexander, aiding by acts, and encouraging by words, in the actual commission of the offense.   But the indictment entirely fails to charge them with giving such aid and encouragement, "knowing the unlawful intent" of said King and Alexander, which is unquestionably an essential requisite in an indictment attempting, as in this case, to set forth the specific facts relied upon to charge all of the parties as principal offenders. (Paschal, Article 1810.)   It may be inferred, it is true, from

the general averments of the indictment, that appellants must have been cognizant of the unlawful intent of the parties by whom it is alleged the mortal blows were actually given. But it cannot be admitted that a fact so essential to support the charge against appellants in this form of indictment, should depend upon mere inference and deduction. As the indictment attempts to allege the facts upon which appellants are charged as principal offenders, this one, the very gist of the offense as to them, must be directly and distinctly averred. The motion in arrest of judgment for this defect in the indictment, should have been sustained.

The judgment must also be reversed on another ground.

On the trial of the case, Satterfield, who had been jointly indicted with appellants, but as to whom a *nolle prosequi* had been entered, was examined as a witness for the State. It is expressly provided in the Code, that a conviction shall not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed. (Paschal's Digest, Article 3118.) The witness, if a participant in the alleged crime for which appellants were on trial, was not an accomplice in the technical sense of the term, but if guilty at all, was guilty as indicted and charged by the State, as a principal and joint offender with the other parties named in the indictment. But surely no such technical interpretation can be given to the Code as to hold, because it is only an accomplice—a participant in the offense in a more remote degree—whose testimony must be corroborated to warrant a conviction, that it is unnecessary to corroborate the testimony of an accessory or principal offender, who seeks to escape the penalty of the offense by becoming a witness for the State against his confederates. The word accomplice was evidently used in Article 653 of the Code of Criminal Procedure in a different sense, and should receive a much broader interpretation than as defined in Article 219 of the Criminal Code.

The witness, on his examination, denied any complicity in the offense for which appellants were on trial, but he was

indicted jointly with them, and the jury might, no doubt, have inferred, under some phases of the case, that he was in complicity with the other parties charged with the offense, for which the indictment was found. If so, the jury should have been instructed that his testimony would not warrant a conviction unless corroborated by other evidence tending to connect appellants with the offense committed. No instruction on this view of the case was asked. But though not asked for, as it was applicable to the case, it was, as has been often held, imperative upon the court to have given it.

The judgment is reversed and the cause remanded.

Reversed and remanded.