## JOHN ROACH *v.* THE STATE.

1. EVIDENCE — ACCOMPLICE. — Article 653 of the Code of Criminal Procedure (Pasc. Dig., art. 3118), which interdicts a conviction upon uncorroborated evidence of an accomplice, applies not only to technical accomplices as defined in the Penal Code, but also to principals, accessaries, and all *participes criminis*.

2. SAME — CHARGE OF THE COURT. — Testifying for the State, a co-defendant in a murder case inculpated himself as a principal, if at all. The court

below, in its charge to the jury, gave the technical definition of an accomplice, in connection with the requirement of corroboration, but omitted further explanation of the term "accomplice." *Held,* that the charge was calculated to mislead the jury to the prejudice of the accused, and, though not objected to at the trial, necessitates a reversal of the conviction.

APPEAL from the District Court of Clay.   Tried below before the Hon. J. A. CARROLL.

As the opinion sets out the only matter discussed, and as the case stands for trial again, a recital of the evidence is omitted.

*Sparks & Barrett,* for the appellant.

*H. H. Boone,* Attorney-General, for the State.

WINKLER, J. The appellant and one Emsley Harris were jointly indicted for the murder of Robert Dickey, alleged to have been committed in the county of Clay, on December 17, 1875.   On the eve of the trial, on motion of the county attorney, and with leave of the court, a *nolle prosequi* was entered as to Harris, who became a witness for the State on the trial of the appellant, Roach, who was tried alone and was convicted of murder in the first degree, the jury assessing his punishment at confinement in the state penitentiary for life.   A motion for a new trial was overruled, and judgment entered in accordance with the verdict; from which an appeal has been taken.

The view we have taken of the whole case, as shown by the record, renders it unnecessary that we discuss but one subject, to wit, the charge of the court, and this only as to the subject of the corroboration of the testimony of an accomplice, in order to justify conviction for crime.

The sixth paragraph of the charge is as follows:

"An accomplice is one who is not present at the commission of an offense, but who, before the act is done, advises,

commands, or encourages another to commit the offense, or who agrees with the principal offender to aid him in committing the offense, though he may not have given such aid, or who prepares arms or aid of any kind, prior to the commission of an offense, for the purpose of assisting the principal in the execution of the same."

The ninth paragraph is as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of an offense; but the corroboration must be as to some material fact or facts stated by such accomplice in his testimony upon the main fact in issue."

It will readily be seen that that portion of the charge in the first extract above is a literal copy of the technical definition of an accomplice as defined in article 219 of the Penal Code (Pasc. Dig., art. 1814), and that the other extract is a like literal copy of article 653 of the Code of Criminal Procedure (Pasc. Dig., art. 3118), to which is added the words, " but the corroboration must be as to some material fact or facts stated by such accomplice in his testimony upon the main fact in issue." The charge, in so far as it defines the crime of murder, and draws the distinction between the two degrees of murder, and as to the weight and credibility of the witnesses, together with the legal presumption of innocence and the reasonable doubt, when examined in connection with the evidence, is free from objection.

The charge, too, which defines an accomplice, as a definition of one who stands in that relation to the crime charged, is free from objection, being, as we have seen, in the exact language of the Code. The same may also be said of the portion of the charge set out in the second extract as above. It is the law on that branch of the subject, and, with the ad-

·dition made, is a correct instruction as to the necessity of .corroborating by other evidence the testimony of one who is a participant in the crime charged.

Yet it must be borne in mind that the two articles above referred to, in connection with the two extracts from the charge, relate to two distinct subjects, each having a different object in view, and, in law, performing entirely different offices. The first is intended to show the relationship to the given offense of one who was not an immediate actor, or present when it was committed, or otherwise so connected with it as to render him liable as a principal offender, on account of some act done, or aid given, to the actual per-petrator *before* the commission of the offense; whilst the other article relates to the subject of evidence, and is found in the chapter of the Code of Criminal Procedure which treats of the subject of "Evidence in Criminal Actions." If the question was as to the liability of one who, by his acts, had connected himself with a given offense before its commission, the article set out in the first extract would be applicable, and have a controlling influence in determining the question; but when the question is whether the person who testifies occupies the relation of one whose testimony must in law be corroborated in order to justify a conviction for crime, it is entirely too circumscribed, and we must look for the extent and scope of the intention of the law-giver, where it is declared — as in the latter article (Pasc. Dig., art. 3118) — that " a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the crime."

In the present case the important inquiry is, What is the legal signification of the term "accomplice" in the article of the Code just quoted? and whose testimony is it indispen-

sable to corroborate, in order to convict? This precise question has been definitively settled by repeated decisions, both of the Supreme Court of the state and of this court. *Barrara* v. *The State*, 42 Texas, 260; *Williams* v. *The State*, 42 Texas, 392.

This latter case is so similar to the one we are considering, in one respect at least, that we make an extended quotation from the opinion, as follows:

" On the trial of the case, Satterfield, who had been jointly indicted with appellants, but as to whom a *nolle prosequi* had been entered, was examined as a witness for the State. It is expressly provided in the Code that a conviction shall not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed [citing art. 3118]. The witness, if a participant in the alleged crime for which appellants were on trial, was not an accomplice in the technical sense of the term, but, if guilty at all, was guilty as indicted and charged by the State — as a principal and joint offender with the other parties named in the indictment. But surely no such technical interpretation can be given to the Code as to hold, because it is only an accomplice — a participant in the offense in a more remote degree — whose testimony must be corroborated to warrant a conviction, that it is unnecessary to corroborate the testimony of an accessary or principal offender who seeks to escape the penalty of the offense by becoming a witness for the State against his confederates. The word " accomplice" was evidently used, in article 653 of the Code of Criminal Procedure, in a different sense, and should receive a much broader interpretation than as defined in article 219 of the Criminal Code." In that case no instruction (says the opinion) was asked; " but, though not asked for, as it was applicable to the case, it was, as has been often held, imperative upon the

court to have given it." See, also, *Irvin* v. *The State,* 1 Texas Ct. App. 301; *Davis* v. *The State,* 2 Texas Ct. App. 588, and cases there cited.

In the case of *Davis* v. *The State,* this court, after a careful examination of authorities, came to the conclusion, as there stated, that " the provisions of article 653 of the Code of Criminal Procedure, requiring corroboration to convict, apply, not only to those persons mentioned in article 1814, who are technically accomplices, but apply as well to *participes criminis* — principal and joint offenders, and accessaries. All persons who have participated in the commission of a crime, whether as principal offenders or more remotely connected with the commission of the particular offense in which such persons' testimony may be offered, come within the rule requiring corroboration to justify a conviction." This, we think, is not only the law as laid down in the books, but is correct in reason and common sense.

The particular objections to the charge of the court in the present case are (1) that, in that portion of the charge which instructs the jury that they cannot convict on the uncorroborated evidence of an accomplice, it fails to inform the jury who are accomplices in the sense which requires corroboration; and (2) in having given to the jury the technical definition of an accomplice, with reference to liability to prosecution as such, without informing them as to the difference between that class and the other, when considered as witnesses in the case. This explanation was rendered necessary from the fact that in the charge the court had given the technical definition of an accomplice. The jury would naturally look to the charge as their only guide in determining who they should consider an accomplice whose testimony required to be corroborated by other evidence; and, looking to the charge for a definition of the term, they might well have come to the conclusion that it

meant—not a principal offender, nor one who shows he might have been present at the time the offense was actually committed, but simply one who had had something to do with the murder before it was committed, but not to a sufficient extent to make him liable as a principal. And this is the more likely for the reason that those who stood in the relation of principal were so clearly defined that a sensible jury could not but have seen the difference between a principal and an accomplice, as defined in the charge, and might reasonably have concluded that by the charge of the court they could convict on the uncorroborated testimony of Harris, whose own testimony connects him with the crime — not as an accomplice, but as a principal, both in law and agreeably to the charge.

We do not see how the charge of the court as above set out could have failed to mislead the jury to the prejudice of the appellant. We deem the charge erroneous, notwithstanding counsel for appellant in their brief concede that the law relating to the evidence of accomplices was fairly given to the jury; and we consider that the error was so material as not to be overlooked.

Thus, as we have seen, the word "accomplice," as used in article 653 of the Code of Criminal Procedure (Pasc. Dig., art. 3118), when applied to evidence, includes those who are accomplices and accessaries, and also principal offenders. A conviction had upon an improper instruction, on a material point, which could not have failed to mislead the jury in their finding, cannot be said to be a conviction agreeably to law, and must be set aside on appeal whenever that fact appears from the record, whether pointed out on the trial or not.

The judgment is reversed and the case remanded.

*Reversed and remanded.*