## [No. 3445.]

### Manuel Ortis *v.* The State.

1. Theft.— Indictment for theft, to be sufficient under the Codes of this State,
   must charge that the *taking* was *fraudulent.*
2. Accomplice Testimony — Charge of the Court.— In expounding to a jury
   the law controlling accomplice testimony, it is error to limit its application
   to accomplices as defined in the Penal Code, art. 79, instead of extending it
   to all persons in any way implicated in the offense, whether as principals,
   accessories or otherwise.

Appeal from the District Court of Medina. Tried below before
the Hon. T. M. Paschal.

A term of five years was the punishment assessed against the ap-
pellant. The record contains no statement of facts, and the opin-
ion of this court discloses everything relevant to the rulings.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

Hurt, Judge. The conviction in this case was for the theft of a
horse. The indictment fails to charge that the taking was fraudu-
lent, and is therefore insufficient. (See the question discussed and
settled in the case of *Sloan* v. *The State,* decided at the present term,
*ante,* p. 225.)

There being no statement of facts, we are not able to determine
whether the following charge was calculated to injure the defendant,
but it is most evidently incorrect. There must have been some evi-
dence that a witness in the case was an accomplice. This we infer
from the fact that the court below instructed the jury upon that
subject. The learned judge defines an accomplice thus: "An
accomplice is one who, though not present at the commission of an

offense, but who, before the act is done, advises, commands and encourages another to commit the offense, or who agrees with the principal offender in committing the offense, though he may not have given such aid." This is simply the definition of accomplice as given in article 79 of the Penal Code.

The accomplice, however, mentioned in article 741 of the Code of Criminal Procedure is any person who has participated in the commission of the crime, whether as principal offender or accessory, or in any other manner which makes him a *particeps criminis.* (*Zollicoffer* v. *The State*, 16 Texas Ct. App., 312; *Phillips* v. *The State*, 17 Id., 167; *Harrison* v. *The State*, Id., 442. See, also, 16 Texas Ct. App., 25; Id., 93; Id., 312; *Williams* v. *The State*, 42 Texas, 392; 1 Texas Ct. App., 628; 2 Id., 588; 3 Id., 575, and article 1561, Clark's Crim. Law, and authorities cited.)

Because the indictment is fatally defective, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

[Opinion delivered May 23, 1885.]