

# IN THE
# TENTH COURT OF APPEALS

No. 10-12-00164-CR

**CHRISTOPHER ALLEN PHILLIPS,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-939-C1

## CONCURRING OPINION

Jailhouse witness testimony has come under increasing attacks. My own observation is that its use is cultural in that it is used more often in certain regions or pursuant to local custom; in essence, it is used more in some counties and never in others. The underlying problem is that it is considered inherently unreliable due to the *quid pro quo* that prosecutors have with the inmate who wants to testify against another inmate to better the testifying inmate's circumstance in some way. To address this problem, the legislature passed a statute, the purpose of which is to limit the use of

jailhouse witness testimony in criminal trials.  TEX. CODE CRIM. PROC. ANN. art. 38.075

(West Supp. 2013).

<h2 style="text-align:center">ISSUE ONE</h2>

The first issue in this appeal is whether the trial court erred by failing to give an

instruction to the jury pursuant to article 38.075 of the Texas Code of Criminal

Procedure.  Article 38.075 provides:

> (a) A defendant may not be convicted of an offense on the testimony of a
> person to whom the defendant made a statement against the defendant's
> interest during a time when the person was imprisoned or confined in the
> same correctional facility as the defendant unless the testimony is
> corroborated by other evidence tending to connect the defendant with the
> offense committed. In this subsection, "correctional facility" has the
> meaning assigned by Section 1.07, Penal Code.

> (b) Corroboration is not sufficient for the purposes of this article if the
> corroboration only shows that the offense was committed.

*Id*.  The statute has some characteristics of other laws that are also designed to limit the

use of certain types of testimony or testimony that requires some type of corroboration.

The most well-known of all "corroboration" type requirements is probably the

Constitutional requirement that two witnesses are required for a conviction for treason,

U.S. CONST. art. III, § 3, cl. 1, and is codified in article 38.15 of the Code of Criminal

Procedure.[1]  TEX. CODE CRIM. PROC. ANN. art. 38.15 (West 2004).  But there are other

---

[1] Section 3, clause 1 provides:  "Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No Person shall be convicted of Treason unless on the Testimony of two Witnesses to the same overt Act, or on Confession in open Court."

statutes that are more closely related to the problem of inherently unreliable testimony.[2]

The statute that has the most well-developed body of case law that provides similar corroboration protection to that of jailhouse witness testimony is article 38.14 which requires corroboration of accomplice witness testimony. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2004). Article 38.14 provides:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

*Id.*

There are relatively few cases interpreting, discussing, or even mentioning article 38.075.[3] Thus, because of its close similarities, article 38.14 has been used to guide litigants in the implementation of the jailhouse witness statute. *See Brooks v. State*, 357 S.W.3d 777, 781 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Ruiz v. State*, 358 S.W.3d 676, 680 (Tex. App.—Corpus Christi 2011, no pet.); *Watkins v. State*, 333 S.W.3d 771, 778 (Tex. App.—Waco 2010, pet. ref'd).

---

Article 38.15 provides: "No person can be convicted of treason except upon the testimony of at least two witnesses to the same overt act, or upon his own confession in open court."

[2] Accomplice witness testimony, TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2004); informant testimony, TEX. CODE CRIM. PROC. ANN. art. 38.141 (West 2004). *See Brooks v. State*, 357 S.W.3d 777, 781 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

[3] *See Mason v. State*, 416 S.W.3d 720, 743 n. 17 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Schnidt v. State*, 357 S.W.3d 845, 850-851 (Tex. App—Eastland 2012, pet. ref'd); *Brooks v. State*, 357 S.W.3d 777, 781 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Ruiz v. State*, 358 S.W.3d 676, 659-681 (Tex. App.—Corpus Christi 2011, no pet.); *Watkins v. State*, 333 S.W.3d 771, 778-779 (Tex. App.—Waco 2010, pet. ref'd).

But the statutes are different and we must be careful to not unduly narrow the scope of the statute by limiting its application in situations the legislature might have intended to cover. I am a bit more cautious in this regard than the Court in its opinion in this proceeding. In fact, in the earlier case from this Court dealing with the statute, *Watkins v. State*, 333 S.W.3d 771, 778 (Tex. App.—Waco 2010, pet. ref'd), the parties agreed that, because the trial court had not given an instruction, the trial court had erred; and we only addressed, substantively, the harm analysis. In retrospect, the State's confession of error and the Court's proceeding to conduct only a harm analysis may have foreclosed a more careful scrutiny of the potential differences in the two statutes. Further, this may be the time to employ a fresh analysis of the need for the instruction in the charge regarding the use of this type evidence; in particular, a fresh analysis to determine whether the instruction in the charge is needed at all or whether it is nothing more than an impermissible comment by the trial court on the weight of the evidence. In other words, a fresh analysis would be whether this should be a question of admissibility of the testimony in the first instance which would then be factored into a sufficiency review or evidentiary admission issue on appeal.

To embark on a comprehensive fresh analysis of the need for the instruction is beyond the scope of this concurring opinion. But, as previously stated, and whether or not the accomplice witness law can be applied by analogy to the instructions to be given in the charge for jailhouse witness testimony, I believe the Court's limitation on the

applicability of the statute is too narrow to implement the purpose of the statute. In particular, limiting its application to "admissions or confessions" is, I believe, an improper limitation on the purpose for which the statute was designed. *See Phillips v. State*, 10-12-00164-CR, slip op. at 8. The statute uses some terms of art but may or may not have intended the term to have its traditional legal meaning.[4] Thus, I think we should approach each new decision interpreting this statute with great caution and limit our discussion and analysis to only the issue as framed in the trial court and as then presented to us on appeal.

In this instance, we are somewhat restricted in this process because there was no issue framed in the trial court. There was no objection to the testimony. There was no effort made to determine the relevance of the testimony to any issue to be decided by the jury. There was no discussion of the basis for its admissibility. There was no discussion of the purpose for placing this testimony before the jury. Only because there may be a requirement for the trial court to include an instruction in the jury charge about how the jury was to consider the jailhouse witness testimony are we even faced with an issue on appeal that is not otherwise preserved in the record of the trial. This is because it is the trial court's charge; and in a criminal case, any error in the charge may

---

[4] In this regard, the accomplice witness statute's procedural lineage may give guidance since the legislature used the term "accomplice," a term of art, but which the Texas Supreme Court, acting as the highest court of review for both civil and criminal cases prior to 1876, and then the Appeals Court (now known as the Court of Criminal Appeals) interpreted to not be used by the legislature in its technical meaning; that is, as a "party" to an offense. *See Elizando v. State*, 20 S.W. 560, 31 Tex. Crim. 237, 242-243 (Tex. Crim. App. 1892); *White v. State*, 18 S.W. 462, 463, 30 Tex. App. 652 (Tex. Ct. App. 1892); *Williams v. State*, 42 Tex. 392, 395 (1875); *Barrara v. State*, 42 Tex. 260, 263 (1875).

be raised on appeal even if there is no objection to the content of the charge as given or to the omission of a necessary instruction. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

On appeal, the State argues that the testimony was admissible to rebut the testimony of Phillips's jailhouse witness. The State does not identify who that witness was or what the testimony was or how the testimony of Diggs or Slaughter, the two jailhouse witnesses called by the State, would be "rebuttal" testimony. Based on my review of the record, it appears that the only testimony to which the State could be referring is that of Eric Wiley. Wiley was incarcerated for a period of time with, or in a cell near, Phillips. But the substance of Wiley's testimony was not about statements by Phillips or about a conversation with Phillips or Phillips's accomplice, Andre Dulin. Wiley's testimony was about seeing Andre Dulin in the free world alone on the day of and shortly before the robbery occurred, thus suggesting an inference that Phillips was not one of the perpetrators of the robbery. Wiley's testimony was not in any way related to his incarceration with Phillips; nor was it a statement made by Phillips to Wiley while the two were incarcerated together.

Furthermore, I find nothing in the statue that exempts "rebuttal testimony" from its application. The statute contains no express limitation on its application at any point in trial. It either applies to a jailhouse witness's testimony by the terms of the statute, or it does not, regardless of the stage of the proceeding. And, based on the substance of

this testimony from Wiley, I am left to wonder how the testimony of Diggs or Slaughter was in rebuttal of anything that, on appeal, is argued by the State to be the jailhouse testimony of Wiley.

The Court has described the testimony of Diggs and Slaughter in its opinion and I will not repeat it in this concurring opinion. It is adequate to say that the testimony was that Phillips had sought to influence the testimony of Diggs and Slaughter by having them testify that Dulin had made statements to them that Dulin was going to try to put the responsibility for the burglary on Phillips even though Dulin knew Phillips was not the accomplice. So the testimony of Diggs and Slaughter necessarily contained statements made by Phillips; and it is the evidentiary purpose and the purposes for which the jury can use that testimony that we must evaluate in light of the statute to determine if the trial court had a duty to give a jailhouse witness instruction.

Unless the jury has been given a "corroboration required" instruction in the charge, the jury could consider the jailhouse testimony for any purpose. This is because there was no objection to, or request for a limiting instruction on the use of, the testimony when the testimony was admitted.

Now, fast forward to the closing arguments. The State argued as follows:

Their whole defense is that he's innocent. He's not saying, 'Well, I was the driver. I didn't go in.' That's what Andre [Dulin, the accomplice] said. He's [Phillips is] saying he wasn't even there. He's saying he's completely innocent. Think about what would an innocent person do. Does an innocent person go around the jail asking people he's just met to sign

affidavits and lie for him? That's not what an – an innocent person doesn't have to do that because they didn't do anything wrong.

When you've done something wrong, when you know you're caught is when you have to start asking people to come to court and lie for you. Think about that. That makes perfect sense.

Based on the admission of the evidence without any limitations on its use, the State was entitled to argue that Phillips's statements to Diggs and Slaughter was evidence of Phillips's guilt. That is what the State did in closing argument. With this understanding of how the evidence was used from the record in this proceeding, we now must examine whether it comes within the limitation of article 38.075. I believe that it does.[5]

The State argued that the evidence of statements made by Phillips to two separate inmates in the same institution in which he was being held was evidence of his guilt. Thus, by extension, the State was arguing those statements were against Phillips's interest. This is the legal result of the lack of limits for which the jury could use the evidence. The circumstances to which the statute applies is therefore satisfied and the defendant cannot be convicted on this testimony unless the qualifier in the statute is

---

[5] I take no position on the admissibility of the evidence for this or any other purpose or the reasonableness of the State's argument and inference. *See Chapman v. State,* 470 S.W.2d 656, 660-661 (Tex. Crim. App. 1971) ("We cannot see how an attempt to get someone to sign an affidavit as to his innocence tends to connect him with the offense of being an accomplice to the crime."). It is what it is. Also, I do not dwell on whether the statements would be against the interest of the defendant as there can be no question that if the State can argue that the statement is evidence of the defendant's guilt, the statement is against the defendant's interest. It could also, potentially, be against the defendant's interest if it solicited another person to commit a crime, such as perjury, thus potentially subjecting the declarant to prosecution for another offense.

also satisfied. The qualifier is: "…unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed." Tex. Code Crim. Proc. Ann. art. 38.075(a) (West Supp. 2013). Whether the qualifier is satisfied, the "unless" clause, may be a question of fact in any particular case only if there is some question about whether the witness was incarcerated with the defendant at the time when the statement was allegedly made. Nevertheless, the testimony fits the clause in the statute that describes those situations to which the statute applies, and that is what triggers the requirement to give the jury instruction on how to use jailhouse witness testimony. Thus, I would hold that the trial court erred in failing to give the instruction.

But our analysis does not end there.

The interpretation of the qualifying "unless" clause is another difficult issue in addition to determining the applicability of the statute. In fact, the Court has, in part, relied upon the qualifying language of the "unless" clause to determine that the statute is not applicable to the statements at issue in this case. I believe that is getting the proverbial cart before the horse. But I will not attempt in this concurring opinion to provide a complete analysis of how the qualifying clause operates. I will, however, make some observations that may help the trial court in determining whether it should give an instruction in the charge to guide the jury in how to use the testimony of a jailhouse witness.

It should be noted that the statute requires corroboration of the "testimony" by "other evidence tending to connect the defendant with the offense committed." TEX. CODE CRIM. PROC. ANN. art. 38.075(a) (West Supp. 2013). The problematic aspect of this portion of the statute is what does the statute mean by its use of the word "testimony" as distinguished from the later use of the phrase "other evidence." There are at least two possible meanings. It may mean that the testimony, the words actually spoken, would have to be corroborated. If this is the meaning, it would mean that there would have to be other evidence that the statements made by Phillips were in fact made to Diggs and Slaughter. This would be like requiring two witnesses to the same overt act to convict someone of treason—two people, or evidence from another source, would have to be able to testify that Phillips made each of the statements. This may seem like an unreasonable interpretation of the statute. If this is the meaning to be given to the word "testimony," there would very seldom be any jailhouse witness testimony that could be corroborated. But then again, maybe that is the purpose of the statute.

There is another possible interpretation of the word "testimony." Testimony could mean the actual words spoken, in essence the making of the statement by the defendant, as discussed above, or it could mean the purpose for which the jury can consider the testimony. In this case, as argued by the State, the jury can use the testimony as evidence of consciousness of guilt. This is much like how evidence of flight can be considered by the jury. *See Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim.

App. [Panel Op.] 1979) (op. on reh'g). The State's argument as to how the jury should use this testimony regarding Phillips's statements was that an innocent person would not have the need to solicit other people to lie for him. Thus, the statements were, at most and as argued by the State, general admissions of criminal responsibility for the offense charged: basically an admission of guilt not supported by details evidencing guilt. The jury thus could not use these statements without corroboration by other evidence that connected Phillips to the crime. It appears to me that construction of the statute in a way that interpreted the word "testimony" to be what the use of the testimony showed, its evidentiary value, rather than simply the testimony of what words were spoken, fulfills the purpose of the statute by requiring corroboration of the evidentiary value of the testimony and not simply corroboration of the words spoken.

If "testimony" is held to mean what the testimony showed, as argued above, then if the only evidence, other than that the crime had been committed, was the inference of Phillips's guilt because he had made statements to one other inmate trying to get that inmate to lie for Phillips regarding Phillips's connection to the offense, as argued by the State, the evidence would be uncorroborated and Phillips would have to be acquitted. *See* TEX. CODE CRIM. PROC. art. 38.17 (West 2004) ("In all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction.").

In this case, the next interesting question raised is whether the testimony of a jailhouse witness can be used to corroborate the testimony of another jailhouse witness. This leads us to Phillips's second issue: whether the trial court erred in failing to instruct the jury that one jailhouse witness's testimony could not be used to corroborate another jailhouse witness's testimony.

I note that there is nothing in the statute that would require such a construction. However, the case law developed under the accomplice witness corroboration statute has been construed to have such a requirement, and there is also nothing in that statute which would require such a construction. *See Chapman v. State*, 470 S.W.2d 656, 660 (Tex. Crim. App. 1971). *See also Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991). Currently the state of the law is that regardless of number of accomplices, all the accomplice witnesses testimony must be disregarded to determine if there is any evidence that tends to connect the defendant to the crime. *Id*. Absent non-accomplice evidence that tends to connect the defendant to the crime, the accomplice witness testimony will not support the conviction and the defendant must be acquitted. *See* TEX. CODE CRIM. PROC. art. 38.17 (West 2004); *Badillo v. State*, 963 S.W.2d 854, 858 (Tex. App.—San Antonio 1998, pet. ref'd).[6]

---

[6] In *Badillo*, three accomplices all testified somewhat consistently about the involvement of a fourth person, the defendant, in the crime spree and each characterized the defendant as the leader and the three of them as just being along for the ride with only incidental participation in the crimes. The court held

As is obvious in this case, two jailhouse witnesses testified to essentially the same thing but the testimony was about different conversations with Phillips; statements made separately to each of them. Again, this case was not well developed to address the admissibility of the evidence or any limitation on its use, but because the purpose for which the jury could consider the evidence was an inference based on a statement that evidenced a consciousness of guilt, then testimony about one such statement would tend to corroborate the defendant's connection to the crime by another statement from which guilt could be inferred. The testimony of each statement tends to corroborate the inference of guilt from the other statement-both of which, standing alone, connect the defendant to the crime. This is, in part, due to the general and wide open basis upon which the consciousness-of-guilt statement was admitted and is somewhat unique to this case. Thus, if I was writing on a clean slate, I would reject the analogy to the accomplice witness statute and hold that the trial court did not err by not giving the second instruction that Phillips argues should have been given, that one jailhouse witness's testimony cannot corroborate the testimony of any other jailhouse witness. Why should his confession to two inmates be inadequate to support the conviction?

there was no corroborating evidence and acquitted the defendant. This seems to be inconsistent with the sufficiency of the evidence review which requires the review of all the evidence, including erroneously admitted evidence. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And acquittal has not always been required. In a few of the earlier cases on the lack of corroboration of accomplice witness testimony, the issue was sustained and the proceeding was remanded to the trial court for a new trial. *Chapman v. State*, 470 S.W.2d 656, 661 (Tex. Crim. App. 1971); *Vails v. State*, 128 S.W. 1117, 1120 (Tex. Crim. App. 1910). It could be the passage of article 38.17 in 1966, notwithstanding the earlier cases which resulted in a remand, is why acquittal is now required.

Accordingly I would overrule the second issue, an issue the Court does not reach based on its disposition of the first issue.

However, without a doubt, if we are to adopt, wholesale, the case law applicable to accomplice witness corroboration requirements, which I think will be the direction taken by the Court of Criminal Appeals, then the trial court erred in failing to give the instruction that one jailhouse witness's testimony cannot be corroborated by another jailhouse witness's testimony and Phillip's second issue should be sustained.

## ISSUE THREE

Finally, this brings us to Phillips's third issue, which is also not addressed by the Court because of its disposition of the first issue. *See Phillips v. State*, 10-12-00164-CR, slip op. at 9. The third issue is whether the trial court erred in failing to give an instruction that the testimony of the jailhouse witnesses could not corroborate the testimony of the accomplice witness or vice versa. This is not part of either the accomplice witness statute or the jailhouse witness statute. We are truly in uncharted waters. As mentioned early on in this opinion, there are a few other statutes that require some testimony to be corroborated. In my research of the cases interpreting and applying these statutes, I have found no case in which an instruction was given as the one Phillips argues should be given in this proceeding; and Phillips has directed us to none. Because the legislature has specified what can and cannot be used without corroboration and has defined what was needed for corroboration, I find nothing that

indicates the legislative purpose of either the accomplice witness statute or the jailhouse witness statute would not be accomplished by allowing such corroboration. Thus, I would hold that a jailhouse witness's testimony may corroborate accomplice witness testimony and vice versa. I would overrule Phillips's third issue.

## HARM ANALYSIS

Because I would hold that article 38.075 required the submission of an instruction that explained that the jailhouse witness testimony had to be corroborated pursuant to the statute before it could be used as evidence of guilt and that the trial court erred in failing to give such an instruction, and that the trial court erred in failing to give an instruction that one jailhouse witness could not corroborate another jailhouse witness's testimony, I must conduct a harm analysis. Without prolonging this concurring opinion, I would hold that the omission of the instructions from the charge was not egregious error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). This is because not only was there testimony that corroborated the jailhouse witnesses testimony, but also the jailhouse testimony was the weakest evidence of guilt. Further, there was substantial other evidence of guilt from several witnesses, including substantial evidence that connected Phillips to the commission of crime.

## SUMMARY

Accordingly, in summary, I would hold that the trial court erred in failing to give the jailhouse witness instruction in the jury charge, but that the error was harmless.

Further, I would hold that the trial court erred in failing to give an instruction that one jailhouse witness's testimony cannot be used to corroborate another jailhouse witness's testimony, but that this error was also harmless. Finally, I would hold that the trial court did not err in failing to give an instruction that a jailhouse witness's testimony could not be corroborated by an accomplice witness's testimony or that an accomplice witness's testimony could not be corroborated by a jailhouse witness's testimony. Therefore, I concur in the judgment of the Court which affirms the trial court's judgments of conviction on the two counts but for different reasons as describe herein as to the first, second, and third issues.


TOM GRAY
Chief Justice

Concurring opinion issued and filed May 15, 2014
Publish